## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 21 2018, 6:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brandon E. Murphy
Cannon Bruns & Murphy, LLC
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua A. Guntle, *Appellant-Defendant,* | May 21, 2018 |
| | Court of Appeals Case No. 38A02-1707-CR-1604 |
| v. | Appeal from the Jay Circuit Court |
| | The Honorable Brian D. Hutchison, Judge |
| State of Indiana, *Appellee-Plaintiff.* | Trial Court Cause No. 38C01-1604-F5-21 |

**Bailey, Judge.**

# Case Summary

Joshua Guntle ("Guntle") appeals the five-year sentence imposed following his plea of guilty to Dealing in Methamphetamine, as a Level 5 felony. He presents the sole issue of whether his sentence is inappropriate. We affirm.

# Facts and Procedural History

On August 21, 2014, Guntle received a box of pseudoephedrine from a confidential informant ("the C.I.") and, in exchange therefor, provided the C.I. with methamphetamine. On April 21, 2016, the State of Indiana charged Guntle with Dealing in Methamphetamine. On June 1, 2017, after a jury was convened, Guntle pled guilty as charged. On June 27, 2017, Guntle was sentenced to five years imprisonment. He now appeals.

# Discussion and Decision

Indiana Code Section 35-50-2-6(b) provides that a person convicted of a Level 5 felony faces a sentencing range of one to six years, with an advisory sentence of three years. Guntle asks that we revise his sentence to four years, with two years suspended.

Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the

culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. *Id.* at 1225.

[5] We give "considerable deference" to the trial court's judgment. *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015) (citing *Cardwell*, 895 N.E.2d at 1222). "Such deference will prevail" unless it is overcome by compelling evidence that portrays in a positive light the nature of the offense and the defendant's character. *Id.*

[6] As for the nature of the offense, Guntle gave methamphetamine to the C.I. in exchange for a box of pseudoephedrine. There is nothing particularly remarkable about this transaction.

[7] Guntle has a history of criminal offenses both before and after his commission of this offense in 2014. In 2012, he was convicted of theft, as a Class D felony. He was convicted of three misdemeanor offenses in 2008 and 2013. Less than one month after committing the instant offense, Guntle failed to return to lawful detention. He was convicted of a Level 6 felony for that conduct. Later in the same month, Guntle committed misdemeanor resisting law enforcement. On October 17, 2014, two months after the instant offense, Guntle possessed a narcotic drug and methamphetamine and resisted law enforcement. He pled guilty to the charges against him. At the time of his sentencing here, Guntle was facing additional charges that he dealt a narcotic drug and possessed a

syringe. Guntle has repeatedly violated the terms of probation and he was arrested while out on bond. Guntle's criminal history and continued commission of drug-related offenses, together with his failure to benefit from prior opportunities for rehabilitation, speak ill of his character.

[8] Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

[9] Affirmed.

Crone, J., and Brown, J., concur.